ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2019-Feb-22  09:56:09
60CV-19-303
C06D06 : 10 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS

VICTOR LEVINGSTON                                               PLAINTIFF

V.                          CASE NO. 60CV-19-303

WAL-MART STORES, INC.                                          DEFENDANT

## ANSWER

Defendant Walmart, Inc. (incorrectly referred to as Wal-Mart Stores, Inc.)[1] and proper defendant Wal-Mart Stores Arkansas, LLC (collectively referred to as "Wal-Mart"), for its answer to the complaint of Plaintiff Victor Levingston, states:

1.      Upon information and belief, admits that Plaintiff is a male resident and citizen of Pulaski County, Arkansas and admits the remaining allegations in Paragraph 1.

2.      Admits that Plaintiff purports to bring an action for unlawful activity under Arkansas and federal law, retaliation under Arkansas and federal law, and promissory estoppel, but denies that it has violated Arkansas or federal law and denies the remaining allegations in Paragraph 2.

3.      Admits that venue is proper in this Court and the U.S. District Court for the Eastern District of Arkansas and admits that this Court and the U.S. District Court for the Eastern District of Arkansas have personal jurisdiction over the parties, but denies the remaining allegations in Paragraph 3.

4.      Admits that plaintiff began working for Wal-Mart Stores Arkansas, LLC, at its store in Mena, Arkansas on or around March 15, 2018.

---

[1] Effective February 1, 2018, the formal legal name of the defendant was changed from "Wal-Mart Stores, Inc." to "Walmart, Inc."

1806922-v1

EXHIBIT 2

5.      Admits that Plaintiff participated in Wal-Mart's Pathways training and later transferred from its store in Mena, Arkansas, but denies the remaining allegations in Paragraph 5.

6.      Admits the allegations in Paragraph 6.

7.      Denies the allegations in Paragraph 7.

8.      Admits the allegations in Paragraph 8.

9.      Denies the allegations in Paragraph 9.

10.     Admits that the two women referenced in Paragraph 10 were placed in the Cap 2 group, but denies the remaining allegations in Paragraph 10.

11.     Admits that the two women referenced in Paragraph 11 were placed in the Cap 2 group by Rick Haley, but denies the remaining allegations in Paragraph 11.

12.     Denies the allegations in Paragraph 12.

13.     Denies the allegations in Paragraph 13.

14.     Denies the allegations in Paragraph 14.

15.     Admits that one of the two women referenced in Paragraph 15 appeared to have limited use of one arm and walked with a limp, but denies the remaining allegations in Paragraph 15.

16.     Denies the allegations in Paragraph 16.

17.     Admits that Plaintiff reported to Wal-Mart Global Ethics that the assistant store manager and store manager asked him to terminate two elderly

1806922-v1

associates and he refused, but denies that Plaintiff was instructed to terminate two elderly associates and otherwise denies the remaining allegations in Paragraph 17.

18.     Admits that, in August 2018, Plaintiff's employment was subject to Wal-Mart's personnel policies and procedures, including policies regarding new employees and attendance. Wal-Mart states that its personnel policies and procedures speak for themselves, and to the extent the allegations in Paragraph 18 misstate those policies or procedures, those allegations are denied.

19.     Admits that Plaintiff's employment was subject to Wal-Mart's personnel policies and procedures, including policies regarding attendance. Wal-Mart states that its personnel policies and procedures speak for themselves, and to the extent the allegations in Paragraph 18 misstate those policies or procedures, those allegations are denied.

20.     Admits that, in August 2018, Plaintiff clocked out before the end of his scheduled shift, which could have resulted in him receiving a 1/2 occurrence point each time he clocked out early, but denies the remaining allegations in Paragraph 20.

21.     Admits that Plaintiff did not receive a 1/2 occurrence point each time he clocked out before the end of his scheduled shift in August 2018, but denies the remaining the allegations in Paragraph 21.

22.     Denies the allegations in Paragraph 22.

23.     Denies the allegations in Paragraph 23.

3

1806922-v1

24.     Admits that Plaintiff missed work, is without sufficient knowledge or information to form a belief as to whether Plaintiff was sick with the flu and thus denies this allegation, and otherwise denies the remaining allegations in Paragraph 24.

25.     Denies the allegations in Paragraph 25.

26.     Admits that Plaintiff reported to work on September 3, 2018, but denies the remaining allegations in Paragraph 26.

27.     Denies the allegations in Paragraph 27.

28.     Admits that Tariq Jones was an assistant manager and had supervisory responsibilities over the Cap 2 Group, but otherwise denies the remaining allegations in Paragraph 28.

29.     Denies the allegations in Paragraph 29.

30.     Denies the allegations in Paragraph 30.

31.     Admits that Plaintiff received an occurrence point because he did not work his scheduled shift on September 3, but denies the remaining allegations in Paragraph 31.

32.     Admits that, upon information and belief, Plaintiff called Global Ethics and alleged that he had been demoted, but denies that Plaintiff was demoted and denies the remaining allegations in Paragraph 32.

33.     Admits that Global Ethics made note of Plaintiff's report, but denies the remaining allegations in Paragraph 33.

1806922-v1

34.     Admits that Plaintiff was terminated on or about September 5, 2018 for excessive absences and/or tardies, but otherwise denies the remaining allegations in Paragraph 34.

35.     Admits that Jones spoke with Plaintiff the day of his termination, but denies the remaining allegations in Paragraph 35.

36.     Admits that Jones reviewed Plaintiff's occurrences on Wal-Mart's attendance tracking system with Plaintiff, but denies the remaining allegations in Paragraph 36.

37.     Denies the allegations in Paragraph 37.

38.     Denies the allegations in Paragraph 38.

39.     Denies the allegations in Paragraph 39.

40.     Denies the allegations in Paragraph 40.

41.     Denies the allegations in Paragraph 41.

42.     Denies the allegations in Paragraph 42.

43.     Denies the allegations in Paragraph 43.

44.     Denies the allegations in Paragraph 44.

45.     Restates and incorporates by reference its responses to Paragraphs 1 through 44.

46.     States that Paragraph 46 does not contain any factual allegations requiring a response.  To the extent paragraph 46 is inconsistent with Arkansas law, it is denied.  Wal-Mart further states that its actions complied with all applicable laws.

5

1806922-v1

47.     Admits that, upon information and belief, Plaintiff made a report to Wal-Mart's Global Ethics hotline, but denies the remaining allegations in Paragraph 47.

48.     Admits that, upon information and belief, Plaintiff made a report to Wal-Mart's Global Ethics hotline, but denies the remaining allegations in Paragraph 48.

49.     Denies the allegations in Paragraph 49.

50.     Denies the allegations in Paragraph 50.

51.     Denies the allegations in Paragraph 51.

52.     Denies the allegations in Paragraph 52.

53.     Restates and incorporates by reference its responses to Paragraphs 1 through 52.

54.     Admits that Plaintiff's employment was subject to Wal-Mart's personnel policies and procedures, including an "open door" policy and reporting procedures. Wal-Mart states that its policies and procedures speak for themselves and to the extent the allegations in Paragraph 54 are inconsistent with its personnel policies and procedures, those allegations are denied.

55.     Admits that, upon information and belief, Plaintiff made a report to Wal-Mart's Global Ethics hotline, but denies the remaining allegations in Paragraph 55.

56.     Is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 56 and therefore denies those allegations.

6

57.     Denies the allegations in Paragraph 57.

58.     Denies the allegations in Paragraph 58.

59.     Denies the allegations in Paragraph 59.

60.     Denies the allegations in Paragraph 60.

61.     Denies the allegations in Paragraph 61.

62.     Denies the allegations in Paragraph 62.

63.     Denies that Plaintiff is entitled to the relief requested in the "wherefore" clause or any relief whatsoever.

64.     Denies each and every allegation in the complaint that is not specifically admitted herein.

65.     States that Plaintiff's complaint should be dismissed because it fails to state facts or a claim upon which relief may be granted.

66.     Reserves the right to file motions to dismiss challenging the sufficiency of Plaintiff's claims or the legal grounds for his claims.

67.     States that Plaintiff's claims are barred in whole or part by estoppel; laches; Plaintiff's status as an at-will employee; Plaintiff's failure to mitigate any alleged damages; Plaintiff's failure to exhaust applicable administrative remedies; and the after-acquired evidence doctrine.

68.     States that at all times relevant to this action, it acted lawfully and in good faith and had reasonable grounds to believe that its conduct with respect to Plaintiff was in full compliance with the law.

1806922-v1

69.     States that Plaintiff's alleged damages, if any, were caused by his own actions or omissions, or the actions or omissions of other parties.

70.     States that Plaintiff's complaint fails to state a claim for punitive damages.

71.     States that any claim for punitive damages, if granted, would be grossly excessive and would violate the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution.  Any punitive damages sought by Plaintiff are greatly disproportionate to any actual damages (which are denied) and far exceed any civil or criminal sanctions that could be imposed against Wal-Mart for similar alleged misconduct.

72.     States that any claim for punitive damages would violate the Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution because it seeks to impose an excessive fine upon Wal-Mart, is penal in nature, and seeks to punish Wal-Mart upon unconstitutionally vague standards.

73.     Pleading alternatively, in the event there is a finding by the Court that Wal-Mart considered an impermissible factor in any decision relating to Plaintiff's employment, which it denies, Wal-Mart states it would have taken the same actions in the absence of the impermissible factor.

74.     While denying that any allegedly discriminatory or wrongful acts took place, Wal-Mart states that it exercises, and in the past has exercised, reasonable care to prevent and properly correct any discriminatory or improper behavior and states that Plaintiff unreasonably failed to take advantage of any preventative

1806922-v1

and/or corrective opportunities provided or to otherwise avoid harm. Therefore, Plaintiff's claims are barred and he is estopped to pursue any such claims.

75.     Wal-Mart states that any actions taken with respect to Plaintiff were for legitimate and proper causes, and not because of any protected or illegal factor.

76.     Wal-Mart hereby gives notice that it intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and specifically reserves all affirmative defenses that may be applicable under Ark. R. Civ. P. 8(c) or Fed. R. Civ. P. 8(c).

77.     Wal-Mart reserves the right to plead further and specifically reserves the right to file an amended answer or counterclaim.

WHEREFORE, Defendant Walmart, Inc. (incorrectly referred to as Wal-Mart Stores, Inc.) and proper defendant Wal-Mart Stores Arkansas, LLC respectfully requests that the complaint be dismissed, for costs including reasonable attorneys' fees, and for all other proper relief.

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL: nesmaeilpour@wlj.com


By   */s/ Neemah Esmaeilpour*_____
       Neemah A. Esmaeilpour (2012229)
       Daveante Jones (2016163)
       *Attorneys for Defendant*

1806922-v1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 22, 2019, I electronically filed the foregoing with the Clerk of the Court using the Arkansas Judiciary Electronic Filing System, which shall send notification of such filing to the following:

James Monroe Scurlock
Wallace, Martin, Duke & Russell, PLLC
1st Floor, Centre Place
212 Center Street
Little Rock, AR 72201
jms@WallaceLawFirm.com

       */s/ Neemah Esmaeilpour*
       Neemah A. Esmaeilpour

1806922-v1