IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

VICTOR LEVINGSTON                                            PLAINTIFF

v.                            NO. 4:19-CV-00142-JM

WAL-MART STORES, INC.                             DEFENDANT

## JOINT FEDERAL RULE OF CIVIL PROCEDURE 26(f) REPORT

The parties, by and through their counsel, James Monroe Scurlock for the Plaintiff and Michelle M. Kaemmerling for the Defendant, submit the following information in compliance with Federal Rule of Civil Procedure Rule 26(f) and Local Rule 26.1.

1.      Any changes in timing, form, or requirements of mandatory disclosures under Federal Rule of Civil Procedure Rule 26(a).

**RESPONSE:**     No.

2.      Date when mandatory disclosures were or will be made.

**RESPONSE:**     On or before fourteen days after the filing of this Report.

3.      Subjects on which discovery may be needed.

**RESPONSE:**     Plaintiff will seek details involving all aspects of the Defendant's denials of Plaintiff's allegations; witnesses-expert and lay; depositions and discovery requests from Defendant's witnesses and/or employees; and any other documents or other areas that may become evident during discovery. Defendant will seek details regarding all claims in Plaintiff's Complaint and conduct full discovery regarding damages; witnesses-expert and lay; depositions and discovery

1

requests from Plaintiff's witnesses and/or employees; and any other documents or other areas that may become evident during discovery.

4. Whether any party will likely be requested to disclose or produce information from electronic or computer-based media. If so:

**RESPONSE:** The parties anticipate seeking disclosure of computer-based information. As such, the parties further state:

a. whether disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business;

**RESPONSE:** It is anticipated that the sought disclosures will be data reasonably available to Plaintiff and Defendant. There is no need to preserve, nor are the parties entitled to discovery of electronically stored information ("ESI") that is "not reasonably accessible." ESI that is "not reasonably accessible" includes, but is not limited to, fragmented data and deleted data.

b. the anticipated scope, cost and time required for disclosure or production of data beyond what is reasonably available to the parties in the ordinary course of business;

**RESPONSE:** The parties do not anticipate that such production will be required, but if such production becomes necessary or is requested by a party, the parties will timely inform the Court. If "not reasonably accessible" data is sought, the parties will be governed by Rule 26(b)(2)(B) and seek appropriate remedy.

c. the format and media agreed to by the parties for the production of such data as well as agreed procedures for such production;

**RESPONSE:** To the extent ESI is discoverable, and as limited herein, the production of ESI shall generally be limited to searchable PDF or TIFF format only, at the choice of the producing party. If a party believes production in another format is needed, that party will consult in good faith with the other party regarding the format of the information being provided and attempt to reach an agreement regarding an acceptable format. The parties will confer regarding appropriate search terms, date ranges, and the number and identity of key custodians prior to propounding any ESI discovery.

      d.    whether reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise; and

**RESPONSE:** Yes. Further, Plaintiff has served Defendant with a Spoliation Notice.

      e.    other problems which the parties anticipate may arise in connection with electronic or computer-based discovery.

**RESPONSE:** None at this time.

5.    Date by which discovery should be completed.

**RESPONSE:** January 6, 2020.

6.    Any needed changes in limitations imposed by the Federal Rules of Civil Procedure.

**RESPONSE:** The parties consent to the electronic service of Initial Disclosures, Interrogatories, Requests for Production of Documents, Requests for Admissions, and Notices of Deposition, as well as Responses to Interrogatories,

Requests for Production of Documents, and Requests for Admission, at the e-mail addresses at which they receive ECF filings in this case. The parties otherwise agree that there are no known needed changes in the limitations imposed by the Federal Rules of Civil Procedure at this time.

7. Any Orders, e.g. protective orders, which should be entered.

**RESPONSE:** The parties agree that a protective order will likely be necessary pertaining to discovery involving non-parties, such as other employees or former employees of Defendant, or other matters that should be limited to use in this litigation. The parties agree that any such protective order must include a reasonable clawback provision pursuant to FRE 502 to address inadvertent disclosures of certain materials including privilege and other protected materials. The parties will confer regarding the content of a proposed protective order and anticipate submitted an agreed order to the Court for its consideration.

8. Any objections to initial disclosures on the ground that mandatory disclosures are not appropriate in the circumstances of the action.

**RESPONSE:** None.

9. Any objections to the proposed trial date.

**RESPONSE:** None.

10. Proposed deadline for joining other parties and amending the pleadings.

**RESPONSE:** December 5, 2019.

11. Proposed deadline for completing discovery.

**RESPONSE:**   January 6, 2020.

12.   Proposed deadline for filing motions.

**RESPONSE:**   January 29, 2020, with the exception of Motions in Limine.  Motions in Limine will be due on or before April 2, 2020.

Respectfully submitted,

WALLACE, MARTIN, DUKE & RUSSELL, PLLC
Attorneys at Law
1st Floor, Centre Place
212 Center Street
Little Rock, Arkansas 72201
Attorney for Plaintiff

By: <u>*/s/ James Monroe Scurlock*</u>
James Monroe Scurlock, AR Bar No. 2012028
jms@WallaceLawFirm.com

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
Fax: (501) 376-9442
E-mail:   mkaemmerling@wlj.com
          dljones@wlj.com

By:   <u>Michelle M. Kaemmerling</u>
Michelle M. Kaemmerling (2001227)
Daveante Jones (2016163)
Attorneys for Defendant